**Harminder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–74985.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2009.

Filed Aug. 10, 2009.

Richard E. Oriakhi, Esquire, Law Office of Richard E. Oriakhi, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marie K. McElderry, Esquire, Mark Lenard Gross, Esquire, Deputy Chief Counsel, Jeffery R. Leist, Trial, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, W. FLETCHER and PAEZ, Circuit Judges.

## MEMORANDUM *

Petitioner Harminder Singh ("Singh"), a native and citizen of India, appeals the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Singh sought asylum and withholding of removal on the basis of his fear of persecution for supporting the Akali Dal Mann political party, which advocates for Sikh rights and autonomy. Singh asserts that he was arrested, detained, and tortured for his involvement with the party. The IJ

denied the application because she found that Singh was not credible and that he could safely return to India, and the BIA affirmed.

We have jurisdiction under 8 U.S.C. § 1252. We conclude that the IJ's adverse credibility determination was supported by substantial evidence, and that the record evidence does not compel a contrary conclusion. We therefore deny the petition as to the claim for asylum and withholding of removal.[1]

The IJ found that Singh was not credible based on inconsistencies between his oral testimony, written application, and country evidence regarding the 1989 and 1996 elections. First, the IJ found inconsistencies between Singh's testimony and documented election results, which cast doubt on Singh's assertions that he supported and voted for the party. The IJ also pointed to inconsistencies between Singh's oral testimony and written asylum application. For example, his application and testimony were inconsistent regarding who killed the three local men before his second arrest, and, when cross-examined about the discrepancy, he gave a long pause before saying that the friend who prepared his application must have forgotten to change that part. These findings are all supported by substantial evidence and therefore we may not disturb the IJ's adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004).

In light of the IJ's adverse credibility determination, she properly found that Singh failed to demonstrate that he was eligible for asylum or withholding of removal. We therefore need not address whether the evidence of changed country

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Singh does not challenge the IJ's denial of CAT relief, so we deem that issue waived, and do not address it.

conditions was a sufficient alternative ground to deny Singh's application for asylum and withholding of removal.

PETITION FOR REVIEW DENIED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.